**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **EAST TEXAS MEDICAL CENTER ATHENS**<br>2000 South Palestine<br>Athens, TX 75751<br><br>Plaintiff,<br><br>v.<br><br>**THOMAS PRICE, SECRETARY**<br>United States Department of Health and Human Services<br>200 Independence Avenue, S.W.<br>Washington, DC 20201,<br><br>Defendant. | ) | Case No._________ |

**COMPLAINT FOR JUDICIAL REVIEW OF FINAL ADVERSE AGENCY ACTION AND DECLARATORY RELIEF**

## I. INTRODUCTION

1. This is an action for judicial review and declaratory relief thereon under the Administrative Procedure Act of a January 27, 2017 final adverse decision of the Department of Health and Human Services' Provider Reimbursement Review Board (the "Board") denying the October 16, 2014 petition for administrative review of Plaintiff, East Texas Medical Center Athens ("Plaintiff").

2. In its petition, Plaintiff sought administrative review of the Centers for Medicare & Medicaid Services' ("CMS") erroneous assignment of Plaintiff to an incorrect core-based statistical area ("CBSA"), resulting in Plaintiff erroneously and unfairly receiving Medicare reimbursement payments at a lower rate than the reimbursement rate at which Plaintiff is entitled to be reimbursed as a matter of law.

3. Following a hearing, the Board erroneously, arbitrarily, and capriciously determined that it lacked authority to grant Plaintiff the relief requested in the petition. Reversal by this Court is warranted. On judicial review this Court should hold as a matter of law that: (a) CMS's assignment of Plaintiff to an incorrect CBSA was arbitrary, capricious, and inconsistent with controlling law; (b) on remand, CMS should reassign the Plaintiff to the correct CBSA and pay the rate required by statute; and (c) the Board possessed authority to entertain the petition and to grant Plaintiff the relief requested.

## II. NATURE OF SUIT

4. Plaintiff is a rural hospital in Henderson County, Texas. Rural hospitals such as Plaintiff are statutorily entitled to receive increased Medicare payments when they meet certain criteria set forth in Section 1886(d)(8)(B) of the Social Security Act (the "SSA") (42 U.S.C. § 1395ww(d)(8)(B)). This statute is referred to in this complaint as the "Lugar Statute." Plaintiff meets the foregoing required criteria for increased Medicare reimbursement rates.

5. The Lugar Statute provides this enhanced payment rate to qualifying rural hospitals by increasing the portion of their payments associated with their labor-related costs.

6. A portion of Medicare payments to hospitals is based on labor-related costs associated with the geographic area in which the hospital is located, as compared with labor-related costs for all other geographic areas. These geographic areas are typically referred to as core-based statistical areas, or "CBSAs."

7. Unless an exception applies, all of the hospitals within a specific CBSA are entitled to the same labor-related adjustment to their payment. That adjustment factor is referred to as the "wage index."

8. The Lugar Statute directs the Secretary of the Department of Health and Human Services ("the Secretary") to make an adjustment to the wage index of hospitals located in certain rural counties (hereinafter referred to as "Lugar Counties") situated between two or more urban areas.

9. There are two adjoining urban areas to Henderson County, TX. One is the Dallas-Plano-Irving CBSA, and the other is the Tyler CBSA.

10. **Exhibit A** provides a map of the relevant counties and CBSAs at issue.

11. Henderson County, Texas, has been a Lugar County since at least 1993.

12. Since at least 1993, the Plaintiff's wage index has been adjusted to the wage index assigned to the Dallas-Plano-Irving CBSA pursuant to the application of the Lugar Statute.

13. In its Federal Fiscal Year 2015 inpatient rule, which was published on August 22, 2014, the Centers for Medicare & Medicaid Services ("CMS"), as an agent of the Secretary, for the first time assigned Plaintiff to the adjacent Tyler CBSA. 79 Fed. Reg. 49854, 49980 (Aug. 22, 2014). CMS did not provide any written rationale or explanation for its decision to change Plaintiff's assignment from the Dallas-Plano-Irving CBSA to the Tyler CBSA.

14. Because the Tyler CBSA's wage index is lower than the Dallas-Plano-Irving CBSA's wage index, Plaintiff's new assignment results in Medicare reimbursement to the Plaintiff at a lower rate than the rate it would have received had it properly been assigned to the Dallas-Plano-Irving CBSA as required by law.

15. The Lugar Statute requires CMS to assign to hospitals in counties that qualify as Lugar counties the wage index of the urban area to which the greatest number of Lugar county workers commute.

16. The Office of Management Budget ("OMB") is an office within the Executive Office of the White House which, among other things, collects data to compare the commuting patterns of

residents in one geographic area to other geographic areas and publishes its findings for use by federal agencies in promulgating regulations.

17. By statute, CMS must rely on OMB resident commuting data when making Lugar Statute determinations. 42 U.S.C. § 1395ww(d)(8)(B)(ii)(II).

18. The OMB determined in 2013 that the number of Henderson County residents commuting to the Dallas-Plano-Irving CBSA counties (5,028) is greater than the number commuting to the Tyler CBSA (4,478). This data is the only data that CMS should have considered when determining Plaintiff's CBSA assignment.

19. **Exhibit B** provides the OMB's data of the commuting patterns from Henderson County to both the Dallas-Plano-Irving CBSA and the Tyler CBSA.

20. More Henderson County residents commute to the Dallas-Plano-Irving CBSA than they do to the Tyler CBSA. Accordingly, Plaintiff should have been assigned to the Dallas-Plano-Irving CBSA.

21. Despite the unambiguous data from OMB, CMS abused its discretion and erroneously, arbitrarily, and capriciously assigned Plaintiff to the Tyler CBSA.

22. The CMS's assignment of Plaintiff to the Tyler CBSA is contrary to the plain meaning of the Lugar Statute and is unsupported by substantial evidence. CMS should be directed to comply with the law and to reassign Plaintiff to the correct CBSA.

23. The Secretary's legally erroneous assignment of Plaintiff to the incorrect CBSA harms Plaintiff, resulting in legally cognizable injury in fact, because Plaintiff will receive reimbursement from Medicare at reduced rates Plaintiff is entitled to be reassigned to the correct CBSA and to receive reimbursement at the correct rate.

## II. PARTIES

24. Plaintiff, East Texas Medical Center – Athens, is a community hospital located in Athens, Texas (Henderson County) that participates in the Medicare program (provider number 45-0389).

25. Defendant Thomas Price (the "Secretary") is Secretary of the United States Department of Health & Human Services ("HHS"), the federal agency that administers the Medicare program. References to the Secretary herein are meant to refer to him, his subordinate agencies and officials, and to his official predecessors or successors as the context requires.

26. The Centers for Medicare & Medicaid Services ("CMS") is a component of HHS with responsibility for the day-to-day operation and administration of the Medicare program, including calculations and redesignations under the Lugar Statute.

## III. JURISDICTION AND VENUE

27. This Court possesses subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Medicare Act, title XVIII of the SSA, 42 U.S.C. § 1395 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq.*

28. Jurisdiction is proper under 42 U.S.C. §§ 1395oo(a)(1)(A)(ii) and 1395oo(f)(1).

29. Venue is proper in this judicial district under 42 U.S.C. § 1395oo(f)(1).

30. Plaintiff timely seeks judicial review of a final agency decision for which no further administrative review is available, and Plaintiff has exhausted administrative remedies.

31. Plaintiff possesses statutory standing under 5 U.S.C. § 702, Article III standing, and is within the relevant zone of interests protected by the Medicare statute because Plaintiff is aggrieved by the final decision of the agency. Plaintiff has suffered cognizable legal injury because it is entitled to receive higher Medicare reimbursement rates than the rates it receives as

a result of CMS's erroneous CBSA assignment and the Board's erroneous refusal to grant Plaintiff relief from CMS's erroneous CBSA assignment.

## IV. <u>RELEVANT BACKGROUND ON MEDICARE PAYMENT FOR INPATIENT AND OUTPATIENT HOSPITAL SERVICES</u>

32. The Federal Medicare program provides health insurance to the aged, blind and disabled under title XVIII of the SSA.

33. Part A of the SSA covers inpatient hospital services furnished to inpatients, and Part B of the SSA covers hospital outpatient services. *See* 42 U.S.C. §§ 1395d(a)(1) (inpatient), 1395k(a)(2)(B) (outpatient).

### A. <u>Prospective Payment System (PPS)</u>

34. Since 1983, most hospitals participating in Medicare have been reimbursed for inpatient services to Medicare beneficiaries based on a prospective payment system. Social Security Amendments of 1983, Pub. L. No. 98-21, § 601.

35. Hospitals subject to the inpatient prospective payment are paid on the basis of prospectively-established rates for each Medicare beneficiary discharge. 42 U.S.C. § 1395ww(d).

36. The Balanced Budget Act of 1997 similarly instituted a prospective payment system for outpatient hospital services to Medicare beneficiaries. Balanced Budget Act of 1997, Pub. L. No. 105-33, § 4533.

37. Hospitals subject to the outpatient prospective payment system are paid on the basis of prospectively-established rates for each covered outpatient service furnished to a Medicare beneficiary. 42 U.S.C. § 1395l(t).

**C. Standardized Amount**

38. The standardized amount is the base payment rate per discharge under the inpatient payment system or per service under the outpatient payment system. 42 U.S.C. § 1395ww(d)(3); § 1395l(t)(2).

39. The standardized amount for inpatient prospective payments is divided into a labor-related share and a nonlabor-related share. 42 U.S.C. § 1395ww(d)(3)(E). For outpatient payments, the Secretary is directed to determine a wage adjustment factor to adjust the portion of payment and coinsurance attributable to labor-related costs. 42 U.S.C. § 1395l(t)(2)(D).

**D. Wage Index**

40. When Congress enacted the inpatient prospective payment system, it also required the Secretary to adjust the labor-related portion of the standardized amount for differences in hospital wage levels by a factor reflecting relative hospital wage levels in different urban and rural areas. Social Security Amendments of 1983, § 601(e), adding § 1886(d)(3)(E) to the SSA (codified at 42 U.S.C. § 1395ww(d)(3)(E)).

41. To accomplish the relative wage-level adjustment, the Secretary calculates and assigns a wage index value to each wage area that reflects the relative hospital wage levels of that area to all geographic areas. 42 C.F.R. § 412.64(h).

42. The Secretary defines "urban area" as "[a] Metropolitan Statistical Area . . ., as defined by the Executive Office of Management and Budget." 42 C.F.R. § 412.64(b)(1)(ii).

43. The Secretary defines "rural area" as "any area outside an urban area." 42 C.F.R. § 412.64(b)(1)(ii)(C).

### E. **Lugar Statute**

44. After the introduction of the inpatient prospective payment system, Congress identified certain areas that, although rural, faced higher labor input costs as a result of their geographic location. *See* 55 Fed. Reg. 36754, 36755 (Sept. 6, 1990). Congress therefore enacted the Lugar Statute, which provides:

> For purposes of this subsection, the Secretary shall treat a hospital located in a rural county adjacent to one or more urban areas as being located in the urban metropolitan statistical area to which the greatest number of workers in the county commute, if the rural county would otherwise be considered part of an urban area, under the standards for designating Metropolitan Statistical Areas (and for designating New England County Metropolitan Areas) described in clause (ii), if the commuting rates used in determining outlying counties (or, for New England, similar recognized areas) were determined on the basis of the aggregate number of resident workers who commute to (and, if applicable under the standards, from) the central county or counties of all contiguous Metropolitan Statistical Areas (or New England County Metropolitan Areas).

SSA § 1886(d)(8)(B); 42 U.S.C. § 1395ww(d)(8)(B) (*enacted by* Section 4005(a) of the Omnibus Budget Reconciliation Act of 1987 (Pub. L. 100-203) *as amended by* Section 411(b)(4) of the Medicare Catastrophic Coverage Act of 1988 (Pub. L. 100-360)).

45. The first step described in the Lugar Statute involves a determination of whether a particular rural county could be considered part of an urban area by virtue of meeting the criteria specified in the statute.

46. The criteria specified in the Lugar Statute require CMS to aggregate commuter data to counties identified as "central counties" by OMB across all contiguous CBSAs to the rural county.

47. If, upon aggregation, the county in question would meet OMB's definition of an "outlying county," then it is viewed as a Lugar county.

48. All hospitals in such Lugar counties are assigned the wage index of the "the urban metropolitan statistical area to which the greatest number of workers in the county commute."

49. CMS has implemented the statute in regulation. As stated in the applicable regulation:

> For discharges occurring on or after October 1, 2004, a hospital that is located in a rural county adjacent to one or more urban areas is deemed to be located in an urban area and receives the Federal payment amount for the urban area to which the greater number of workers in the county commute if the rural county would otherwise be considered part of an urban area, under the standards for designating MSAs if the commuting rates used in determining outlying counties were determined on the basis of the aggregate number of resident workers who commute to (and, if applicable under the standards, from) the central county or central counties of all adjacent MSAs. Qualifying counties are determined based upon OMB standards, using the most recent OMB standards for delineating statistical areas adopted by CMS.

42 C.F.R. § 412.64(b)(3)(i) (effective October 1, 2014).

50. The regulation substitutes the term "metropolitan statistical area" with the term "urban area." That term is defined in the regulation as:

> A Metropolitan Statistical Area or a Metropolitan division (in the case where a Metropolitan Statistical Area is divided into Metropolitan Divisions), as defined by the Executive Office of Management and Budget.

*Id.* at (b)(1)(ii)(A).

51. The definition of the term "urban area" coincides with the definition of a "CBSA," which CMS adopted as its mechanism for delineating geographic areas in 2004 after OMB adopted the same standard. 69 Fed. Reg. 48916, 49027 (Aug. 11, 2004).

52. Pursuant to CMS' regulation implementing the Lugar Statute, all hospitals in Lugar counties are assigned the wage index of the "the urban area to which the greater number of workers in the county commute." Since "urban area" has the same meaning as "CBSA," hospitals located in Lugar counties such as the Plaintiff are to be assigned the wage index of the CBSA to which the greatest number of Lugar county workers commute.

## V. CMS ERRONEOUSLY APPLIED THE LUGAR STATUTE AND ASSIGNED PLAINTIFF TO AN INCORRECT CBSA

53. CMS has never disputed that Henderson County is a Lugar County.

54. More Henderson County workers commute to the Dallas-Plano-Irving CBSA than to the Tyler CBSA.

55. Plaintiff should have been assigned the wage index for the Dallas-Plano-Irving CBSA.

56. The Secretary, through the CMS, did not follow the Lugar Statute or its implementing regulation and misapplied or ignored the relevant OMB data in assigning Plaintiff to the Tyler CBSA.

57. The Secretary, through CMS, erroneously, arbitrarily, and capriciously failed to assign Plaintiff the wage index for "the urban metropolitan statistical area to which the greatest number of workers in the county commute." 42 U.S.C. § 1395ww(d)(8)(B)

## VI. PROCEEDINGS BELOW

58. CMS published its Lugar determinations in Federal Register preamble on August 22, 2014, which constituted a final determination appealable to the Provider Reimbursement Review Board (the "Board"). Plaintiff timely filed a request for hearing with the Board on October 16, 2014.

59. The Board conducted a hearing on July 23, 2015. At that hearing, members of the Board raised questions as to whether jurisdiction in this case is proper.

60. On July 31, 2015, the Board sent correspondence to the parties asking whether the Board should, on its own motion, grant expedited judicial review because it does not have authority to grant the relief sought. **Exhibit C**. Expedited judicial review is appropriate where the Board cannot grant relief because of limitations on its authority, such as where a party is challenging a CMS regulation. 42 C.F.R. § 405.1842(a) (cross-referencing 42 C.F.R. § 405.1867).

61. The Board determined on March 16, 2016 that it possessed jurisdiction over the matter and the authority to grant the relief requested. **Exhibit D**. That decision was based on the Board's finding that Plaintiff was challenging the application of the regulation in the particular instance before the Board, and that Plaintiff had not challenged the enforceability of the regulation itself.

62. On January 27, 2017, the Board partially reversed its position. **Exhibit E.** The Board ruled that it had jurisdiction over Plaintiff's petition, but determined that it lacked authority to grant the relief sought.

63. The Board reasoned that CMS's assignment of Plaintiff to the Tyler CBSA was published in a table included the Federal Register, and therefore CMS's decision possessed an "independent legal effect" evidencing "intent to either bind the agency and/or the regulated parties." *Id.* The Board further reasoned that such entries in the Federal Register are equivalent to duly promulgated regulations that have the force and effect of law. Because the Board lacks authority to overturn regulations, the Board concluded that it was unable to grant the relief sought by Plaintiff.

64. The Board's decision constitutes a grant of expedited judicial review on its own motion, consistent with its July 31, 2015 correspondence. **Exhibit C**.

65. The Board's decision is erroneous, arbitrary, capricious, and contrary to controlling law. There is no legal support for the proposition that mere publication of formal notice in the Federal Register imbues such notice with the force and effect of law as though the entry had undergone full notice and comment rulemaking procedures.

66. CMS also disagrees with the Board's decision. In a memorandum to CMS's Attorney Advisor, dated February 14, 2017, the Acting Director, Division of Acute Care, CMS, stated that

it was his opinion that in fact the Board possesses authority to grant the relief sought in this appeal. **Exhibit F**.

67. Plaintiff timely commenced this action within 60 days of the Board's January 27, 2017 determination pursuant to 42 U.S.C. § 1395oo(f)(1).

## VII. STANDARD OF REVIEW AND ASSIGNMENT OF ERROR

68. Section 1878(f) of the SSA, 42 U.S.C. § 1395oo(f) provides for review of PRRB's decisions below and the Secretary's determination of the correct Lugar wage area redesignation at issue pursuant to the applicable provisions of the Administrative Procedure Act ("APA"). The applicable provisions of the APA require a reviewing court to set aside agency action that is found to be contrary to law, arbitrary, capricious, unsupported by substantial evidence, in excess of statutory authority or otherwise not in accordance with law. 5 U.S.C. § 706.

69. This Court has jurisdiction to decide the validity of the Secretary's Lugar Statute wage area redesignation for Federal Fiscal Year ("FFY") 2015 pursuant to 42 U.S.C. § 1395oo(f)(1) because the PRRB made a final decision in this matter, which was not acted upon by the Secretary within 60 days after Plaintiff was notified of the Board's final decision.

## COUNT I
## (ADMINISTRATIVE PROCEDURE ACT - 5 U.S.C. § 701, et. seq.)

### THE SECRETARY, THROUGH CMS, ERRONEOUSLY, ARBITRARILY, AND CAPRICIOUSLY ASSIGNED PLAINTIFF TO THE INCORRECT CBSA.

70. Plaintiff hereby incorporates by reference the foregoing paragraphs.

71. The Secretary's Lugar Statute determination for FFY 2015 assigning Plaintiff to the Tyler CBSA is contrary to the statute's plain language and implementing regulations because the Secretary failed to assign Plaintiff to the CBSA to which the greatest number of workers in Plaintiff's county commute.

72. Because the Secretary did not follow the plain meaning of the regulation implementing the Lugar Statute, his decision is arbitrary and capricious and otherwise contrary to law.

73. Because the Secretary ignored or misapplied the OMB data that supports that more Henderson County workers commute to the Dallas-Plano-Irving CBSA than to the Tyler CBSA, the determination violates the APA because it is not supported by substantial evidence.

74. Because no methodology implementing the Lugar Statute has been promulgated in the Federal Register or otherwise that supports the Secretary's calculation leading to his decision to assign Plaintiff to the Tyler CBSA, the decision violates the notice and comment rulemaking found in 5 U.S.C. § 553. It is therefore arbitrary and capricious and otherwise contrary to applicable law.

75. Plaintiff is aggrieved by the foregoing final agency determination.

76. Plaintiff has exhausted all available administrative remedies.

77. Plaintiff is entitled to reversal of the final adverse determination of the Secretary through the CMS.

**COUNT II**
**(ADMINISTRATIVE PROCEDURE ACT -5 U.S.C. § 701, et. seq.)**

**THE BOARD ERRONEOUSLY, ARBITRARILY, AND CAPRICIOUS DETERMINED THAT IT LACKED AUTHORITY TO GRANT PLAINTIFF THE RELIEF SOUGHT IN ITS PETITION ADMINISTRATIVE REVIEW**

78. Plaintiff hereby incorporates by reference the foregoing paragraphs.

79. Plaintiff challenges the Secretary's misapplication of law and regulation by failing to assign Plaintiff to the correct CBSA. Plaintiff does not challenge any regulation in itself, nor does Plaintiff contend that any regulation is invalid or unenforceable as a matter of law. The Board therefore had authority to grant Plaintiff's petition. The Board erroneously concluded that the Secretary's procedural notices entered in the Federal Register have the force and effect

of law to the same extent as duly promulgated regulations following notice and comment rulemaking. The Board's conclusion is arbitrary, capricious, and contrary to controlling law. The Board possessed authority to entertain and grant Plaintiff's Petition as a matter of law.

## VIII. RELIEF REQUESTED

80. For all the foregoing reasons, Plaintiff respectfully requests that this Court:

**A.** Declare invalid the Secretary's assignment of the Tyler CBSA wage index to Plaintiff;

**B.** Remand to the Secretary with instructions to:

i) Promptly correct the assignment of the wage index to Plaintiff to reflect the Dallas-Plano-Irving CBSA wage index; and

ii) Pay Plaintiff all sums due as a result of that correction for all payments incorrectly paid at the Tyler CBSA wage index, plus interest calculated in accordance with 42 U.S.C. § 1395oo(f)(2); and

**C.** Declare that the Board erroneously concluded that it lacked authority to grant Plaintiff the relief requested in its petition; and

**D.** Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

/s Andrew D. Ruskin
Andrew D. Ruskin (DC Bar No. 475824)
Albert W. Shay (DC Bar No. 415221)
MORGAN, LEWIS & BOCKIUS, L.L.P.
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 739-5960 (phone)
(202) 739-3001 (fax)
Andrew.ruskin@morganlewis.com

Counsel for Plaintiffs

Dated: March 24, 2017